Ernest Leroy SMITH, Appellant,

v.

C. T. GLADDEN, Warden, Oregon State
Penitentiary, Appellee.

No. 18662.

United States Court of Appeals
Ninth Circuit.

Aug. 13, 1963.

Ernest Leroy Smith, Salem, Or., appears in pro. per. for appellant.

Robert Y. Thornton, Atty. Gen. of Oregon, and C. L. Marsters, Asst. Atty. Gen. of Oregon, Salem, Or., for appellee.

Before ORR, HAMLIN and DUNIWAY, Circuit Judges.

PER CURIAM.

On the second day of March, 1957, in the County of Wasco, State of Oregon, appellant took several shots at a policeman. He missed. Subsequently he was by indictment charged with the crime of assault with intent to kill under Ore.Rev. Stat. § 163.270, which at the time of the commission of the crime read:

"Any person who assaults another with intent to kill, rob, or to commit rape upon such other, or to commit any of the crimes specified in ORS 163.230, shall be punished upon conviction by imprisonment in the penitentiary for a term not exceeding the maximum punishment provided by law for conviction of the respective greater crimes."

Appellant was tried and convicted. He appealed to the Supreme Court of Oregon, alleging that the statute under which he was tried and convicted was unconstitutional because of vagueness in that there is no crime defined as "killing" in Oregon to which one may refer in determining the punishment for assault with intent to kill. Substantially the same contention and argument made here was made before the Oregon Supreme Court and that court rejected it.

Appellant filed a petition in the United States District Court for the District of Oregon for a writ of habeas corpus. That court declined the writ, citing the decision of the Oregon Supreme Court as authority.

In addition to his contentions on the vagueness of the Oregon statute, appellant makes an argument that he was denied a hearing by the District Court. This is without merit. His petition was entertained and the legal question, the only alleged ground upon which relief was asked, was passed upon by the United States District Court adversely to appellant's contentions.

In his appeal here appellant again urges the same contention, viz., that the penalty provision of Ore.Rev.Stat. § 163.-270 is unconstitutional because of vagueness. We conclude that it is not. We are persuaded to our conclusion because of the construction the Supreme Court of Oregon has placed on the statute and the reasoning it employed in so deciding. See State v. Smith, 228 Or. 340, 364 P.2d 786 (1961).

Affirmed.